**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FOIA SOCIAL CLUB POST 1002 INC.,
d/b/a The County Line,

      Plaintiff,

vs.                                      Case No. 3:13-cv-1336-J-99MMH-JRK

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.
_____

**ORDER**

**THIS CAUSE** is before the Court sua sponte. On October 31, 2013, Defendant filed its Notice of Removal (Doc. 1; Notice), removing this case from the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida. See Notice at 1. Plaintiff filed an Amended Complaint on December 18, 2013. (Doc. 16; Am. Complaint). Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Notice, Defendant asserts that the Court has diversity jurisdiction over this breach of contract action pursuant to 28 U.S.C. § 1332, alleging that "[c]ompete diversity exists between the parties," and that the amount in controversy exceeds the Court's jurisdictional requirement. Notice ¶¶ 4, 5. As to citizenship, Defendant alleges that it "a corporation organized and existing under the laws of the state of Ohio with a principal place of business in Arizona." Notice ¶ 4; see also id. ¶ 1. Defendant alleges that Plaintiff, at all times material, "was a non-profit Florida corporation authorized to do business in the State of Florida at 1120 County Road 305, Bunnell, Florida 32110," and that Plaintiff's "property is located in Flagler County, Florida." Notice ¶¶ 3, 4. In its Complaint and Amended Complaint, Plaintiff alleges that it is "a corporation authorized to do business in the State of Florida." Complaint ¶ 1; Am. Complaint ¶ 1. The Notice, Complaint filed in state court, and Amended Complaint filed in this Court, all fail to identify the Plaintiff's citizenship. Thus, the parties' allegations do not disclose whether this Court has diversity jurisdiction.[1]

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish the citizenship of a corporation, the federal diversity jurisdiction statute provides that a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Hertz Corp. v. Friend, 559 U.S.

---

[1] The Court is satisfied that Defendant's allegations in the Notice of Removal and attached exhibit, sufficiently allege the requisite jurisdictional amount in controversy.

77, 80 (2010); see also Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013)(for purposes of diversity jurisdiction, a corporation "is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." (citing 32 U.S.C. § 1332(c)(1)).

The Court's review of the Notice, the Complaint, and the Amended Complaint discloses that the requisite diversity of citizenship is not apparent from the parties' allegations.  The Notice alleges that Plaintiff is a "non-profit Florida corporation authorized to do business in the State of Florida," and that Plaintiff owns property in Flagler County, Florida.  Notice ¶¶ 3, 4.  The Complaint and Amended Complaint disclose only that Plaintiff is a corporation "authorized to do business in the State of Florida."  Complaint ¶ 1; Am. Complaint ¶ 1.  None of the pleadings disclose the state or states by which Plaintiff corporation is incorporated, or where it has its principal place of business.  As such, the Court finds that neither party has alleged the facts necessary to establish the Court's diversity jurisdiction over this case.  See Hertz, 559 U.S. at 80.

In light of the foregoing, the Court will give Defendant an opportunity to establish diversity of citizenship between the parties, and that this Court has jurisdiction over this action.[2]  Accordingly, it is hereby

**ORDERED**:

Defendant shall have up to and including **January 21, 2014**, to provide the Court with

---

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254,1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)(noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").

sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of December, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:
Counsel of Record